IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RUDOLFO RUIZ | § | |
| | § | |
| V. | § | C.A. NO. C-05-019 |
| | § | |
| GARY JOHNSON, Executive Director | § | |
| Texas Department of Criminal Justice | § | |
| and GREG ABBOT, Attorney General, | § | |
| State of Texas | § | |

**MEMORANDUM AND RECOMMENDATION
ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

In this § 2254 habeas corpus action, petitioner Rudolfo Ruiz challenges the revocation of his deferred adjudication in 2001 on the grounds of ineffective assistance of trial counsel and denial of due process.  (D.E. 1).

Respondent moves to dismiss Mr. Ruiz's petition on the grounds that it is time barred under the AEDPA's one year statute of limitations.  (D.E. 10).  In the alternative, respondent argues that Mr. Ruiz's claims fail to state ground upon which federal habeas relief can be granted.  (D.E. 10).  Mr. Ruiz has not filed a response to respondent's motion.[1]  For the reasons stated herein, it is recommended that respondent's motion to dismiss be granted, and that Mr. Ruiz's petition be dismissed as time barred.

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.  See also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (affirming dismissal of habeas corpus petition for failure of petitioner to respond to motion for summary judgment).

# I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

# II.  BACKGROUND

The Director has lawful custody of Mr. Ruiz pursuant to a judgment and sentence of the 214th Judicial District Court of Nueces County, Texas, in cause number 93-CR-1541-F, styled The State of Texas v. Rudolfo Ruiz.  Ex parte Ruiz, App. No. 50,223-01, at 90.  On March 14, 1994, Mr. Ruiz pleaded guilty to having committed the offense of possession of a controlled substance, heroin, on September 2, 1991.  Id. at 91.  Adjudication of guilt was deferred and the defendant was placed on probation.  Id.  The State filed a motion to revoke his community supervision on August 14, 2000.  Id. at 93.  A hearing on the State's motion to revoke was held on February 27, 2001.  Id. at 91.  Based on evidence presented at the hearing, the court found that Mr. Ruiz had violated conditions of his probation and withdrew the order deferring adjudication.  Id.  The court adjudicated Mr. Ruiz guilty and sentenced him to fifteen years of incarceration on February 27, 2001.  Id. at 90.

The Thirteenth Court of Appeals dismissed Mr. Ruiz's direct appeal, based on his own motion to dismiss, on July 26, 2001.  Ruiz v. State, No. 13-01-00205-CR

(Tex. Crim. App.  2001); (D.E. 10, at Exhibit A); (D.E. 1, at 2).[2]  There is no record

of, and Mr. Ruiz does not claim to have filed, a petition for discretionary review

(PDR) with the Court of Criminal Appeals.  (D.E. 1, at 2).

Mr. Ruiz filed a state application for writ of habeas corpus on July 12, 2001,

which the Court of Criminal Appeals dismissed on September 19, 2001, because his

direct appeal was still pending when the writ was filed.  Ex parte Ruiz, App. No.

50,223-01, at cover, 2.  Mr. Ruiz filed another state application for writ of habeas

corpus challenging this conviction on September 3, 2003, which the Court of

Criminal Appeals denied without written order based on the findings of the trial

court on January 14, 2004.  Ex parte Ruiz, App. No. 50,223-02, at cover, 2.[3]

Mr. Ruiz filed his federal petition for writ of habeas corpus on January 13,

2005.  (D.E. 1, at 1).[4]

---

[2] Mr. Ruiz incorrectly states in his petition that the Court of Appeals affirmed.  (D.E. 1, at 2).

[3] Mr. Ruiz filed a third state writ application, App. No. 50,223-03, but, it is not relevant to this federal writ petition because it challenged his conviction for aggravated assault in cause number 00-CR-1944-F.  (D.E. 10, at 3).

[4] Petitioners represented by counsel are not entitled to the mailbox rule.  See Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system).  Therefore, Mr. Ruiz's petition was filed the day it was file stamped by the Court.

### III.  PETITIONER'S ALLEGATIONS

Mr. Ruiz makes the following claims in his habeas petition:

1.      He was denied effective assistance of counsel at his revocation hearing

        when counsel advised him to enter a "qualified true" plea without

        informing him that no such plea existed;

2.      He was denied due process at his revocation hearing when counsel

        advised him to enter a "qualified true" plea without informing him that

        no such plea existed and when counsel failed to present evidence on

        behalf of the appellant and did not argue at the punishment stage.

(D.E. 1, at 3).[5]

### IV.  EXHAUSTION

Mr. Ruiz has presented the claims raised in the instant application to the state

courts.  (D.E. 1, at 3); Ex parte Ruiz, App. No. 50,223-02, at 5-6.  Respondent does

not dispute that Mr. Ruiz has exhausted his state remedies as required by 28 U.S.C.

---

[5] The Court does not understand Mr. Ruiz to be raising in his federal petition the issues raised in the second memorandum of law in support of Petitioner's Application for Habeas Corpus attached to his petition because it relates to a different conviction than was stated in the petition and states that the memorandum is in support of an application for writ of habeas corpus under Texas Code of Criminal Procedure Art. 11.07.  Further, nothing in the second memorandum of law is mentioned in the petition or the first attached memorandum of law in support.  It appears the attachment of the second memorandum of law was simply a mistake made by counsel.

§ 2254.  (D.E. 10, at 4).[6]

# V.  DISCUSSION

## A.    Summary Judgment Standard.

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  The controverted evidence must be viewed in the light most favorable to the non-movant and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). Summary judgment is mandated if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial.  Celotex, 477 U.S. at 322.

## B.    The AEDPA's Statute Of Limitations.

Under the 1996 amendments to the federal habeas corpus statute, which took effect April 24, 1996,[7] state prisoners have a one-year statute of limitations within

---

[6] The Director reserves the right to argue exhaustion and procedural default should Mr. Ruiz contend that his federal petition raised other issues than those set forth in this Memorandum and Recommendation.

[7] These amendments are embodied in the Antiterrorism and Effective Death Penalty Act of 1995, (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214.  Mr. Ruiz's federal habeas corpus petition,

which to file a petition for federal habeas corpus relief.  Limitations runs from the

latest of four alternative dates:

> (A)     the date on which the judgment became final by the
>         conclusion of direct review or the expiration of the time for
>         seeking such review;

> (B)     the date on which the impediment to filing an application
>         created by State action in violation of the Constitution or
>         laws of the United States is removed, if the applicant was
>         prevented from filing by such State action;

> (C)     the date on which the constitutional right asserted was
>         initially recognized by the Supreme Court, if the right has
>         been newly recognized by the Supreme Court and made
>         retroactively applicable to cases on collateral review; or

> (D)     the date on which the factual predicate of the claim or claims
>         presented could have been discovered through the exercise
>         of due diligence.

28 U.S.C. § 2244(d)(1).  The period is tolled during the time a petitioner seeks state

post-conviction writ review, as follows:

> The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

---

filed on January 13, 2005, is subject to the provisions of the AEDPA.  Lindh v. Murphy, 521 U.S. 320, 336 (1997).

### 1.     Mr. Ruiz's Federal Petition Is Untimely.

Applying the AEDPA limitation period to Mr. Ruiz's petition results in the conclusion that his claims are untimely.  Limitations began to run when the judgment became final after direct review or, alternatively, when the time for review had expired.[8]

At the latest, the federal limitations period began running on July 26, 2001, the day the court of appeals dismissed Mr. Ruiz's direct appeal, as there was no judgment entered from which he could file a petition for discretionary review.  Tex. R. App. P. 68.2(a).  Absent tolling, for Mr. Ruiz's petition to be timely filed, he would have had to file his petition by July 26, 2002.  However, Mr. Ruiz did not file his federal petition until January 13, 2005, over two years after his limitations period expired.  (D.E. 1, at 1).

Although Mr. Ruiz filed a state application for writ of habeas corpus on July 12, 2001, which the Court of Criminal Appeals did not dismiss until September 19, 2001, this state writ was not properly filed, as direct appeal was still pending, and thus, it does not toll the limitations period.  Ex parte Ruiz, 50,223-01, at cover, 2;

_____

[8] The other sections are not applicable.  The record does not reflect, nor does Mr. Ruiz argue, that any unconstitutional "state action" prevented him from filing for federal habeas corpus relief prior to the end of the limitations period.  28 U.S.C. § 2244(d)(1)(B).  His claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.  28 U.S.C. § 2244(d)(1)(C).  Finally, Mr. Ruiz does not argue, or establish that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final.  28 U.S.C. § 2244(d)(1)(D).

see also Larry v. Dretke, 361 F.3d 890, 896-98 (5th Cir. 2004) (finding a state habeas petition is not "properly filed," and, therefore, does not toll the limitations period, where the direct appeal is still pending).

Furthermore, Mr. Ruiz's federal limitations period was not tolled by the state application for writ of habeas corpus that he filed on September 3, 2003, which the Court of Criminal Appeals denied on January 14, 2004, because it was filed after the limitations period had already expired.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (where a state habeas application is not filed until after the federal limitations period has run, under § 2244(d)(2), filing does not toll the limitations period).

Therefore, Mr. Ruiz's claims are time barred and it is respectfully recommended they be dismissed with prejudice.

### 2.      Mr. Ruiz Is Not Entitled To Equitable Tolling.

Additionally, Mr. Ruiz has neither stated a claim for equitable tolling, nor is he entitled to equitable tolling.  It is well settled that the one-year limitations period of the AEDPA is a statute of limitations that is not jurisdictional and is subject to equitable tolling.  Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000).   Equitable tolling, however, is permissible only under "rare and exceptional" circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  In Davis, the Fifth Circuit permitted equitable tolling where the petitioner, a death penalty defendant whose

attorney became incapacitated, diligently pursued his habeas corpus remedy, but erroneously relied on multiple extensions of time to file his petition.  Id. at 811-812.

Notwithstanding Davis, the Fifth Circuit has rarely found exceptional circumstances to justify tolling.  See, e.g., Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (no tolling due to confiscation of legal materials and inadequate library where petitioner failed to pursue relief for six months prior to expiration of limitations);  Grooms v. Johnson, 208 F.3d 488, 489-90 (5th Cir. 1999) (no tolling for second habeas petition more than one year after first petition was dismissed for failure to exhaust); Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000) (no equitable tolling based on *pro se* status or inadequate prison library); United States v. Ott, 192 F.3d 510, 513-14 (5th Cir. 1999) (no equitable tolling where petitioner waited to file state application until one day before limitations ran); Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999) (no equitable tolling for seven week delay between submission of state habeas petition to prison officials and date petition was file-stamped); Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999) (no equitable tolling based on unfamiliarity with legal process or lack of representation); Fisher v. Johnson, 174 F.3d 710, 712-13 (5th Cir. 1999) (no equitable tolling where petitioner did not receive notice of the AEDPA's effective date until 43 days after its effective date and he spent 17 days in a psychiatric unit).

Here, Mr. Ruiz offers no legitimate reason to explain why he did not timely

file his habeas corpus application.  Mr. Ruiz fails to establish that he is entitled to

equitable tolling of limitations.

**C.     Federal Habeas Corpus Standard of Review**.

Even if Mr. Ruiz's claims were not time barred, he fails to state a claim upon

which relief can be granted.  A state prisoner seeking federal court review of his

conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal

constitutional right.  Gray v. Lynn, 6 F.3d 265, 268 (5th Cir. 1993).  A federal writ

of habeas corpus is available to a state prisoner only on the ground that he is in

custody in violation of the Constitution or laws and treaties of the United States.

Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994).

Under the 1996 amendments to the federal habeas corpus statute, a state

prisoner may not obtain relief unless the state adjudication of the claim:

> (1)     resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
>
> (2)     resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence
> presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Drinkard v. Johnson, 97 F.3d 751, 767-68 (5th Cir.

1996).

A decision is contrary to, or an unreasonable application of, clearly

established federal law "if the state court arrives at a conclusion opposite to that

10

reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court on a set of materially indistinguishable facts." Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)).  Absent a direct conflict with Supreme Court authority, habeas relief is available only if the state court decision is unreasonable.  Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000).   However, an unreasonable application of federal law is *not* the equivalent of an incorrect application.  Williams, 529 U.S. at 412 (2000).  A federal writ may not issue simply because the state court incorrectly applied federal law; the application must also be unreasonable.  Id. at 411.   An unreasonable application occurs "if the state court identifies the correct governing legal principles from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id.

Finally, a state court's determination of a factual issue is afforded a presumption of correctness.  The petitioner shall have the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Jackson v. Johnson, 150 F.3d 520, 524 (5th Cir. 1998).

### 1.    Application Of The AEDPA's Deference.

The Texas courts have already considered and rejected all of Mr. Ruiz's claims.  Ex parte Ruiz, App. No. 50,223-02, at cover.  In particular, the claims that Mr. Ruiz pursues in the instant petition were raised in his state habeas corpus

application.   (D.E. 1, at 3); <u>Ex parte Ruiz</u>, App. No. 50,223-02, at 5-6.  The State

filed an Answer and the trial court entered its findings, conclusion, and

recommendation that Mr. Ruiz's claims be denied.  <u>Ex parte Ruiz</u>, App. No. 50,223-

02, at 67.  The Texas Court of Criminal Appeals denied Mr. Ruiz's state habeas

application without written order based on the findings of the trial court.  <u>Id.</u> at

cover.  This denial of Mr. Ruiz's application and its specific reference to the

findings of the trial court is not silent or ambiguous.  It is a decision on the merits

and is entitled to the AEDPA's deference.  28 U.S.C. § 2254(d); <u>see</u> <u>also</u> <u>Neal v.

Puckett</u>, 239 F.3d 683, 686 (5th Cir. 2001) (in the context of federal habeas

proceedings, "adjudication on the merits" is a term of art that refers to whether a

court's disposition of the case was substantive); <u>Ex parte Torres</u>, 943 S.W.2d 469,

472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the

merits).

     Thus, deference to the state court decision is mandated by § 2254(d).  Mr.

Ruiz is not entitled to federal habeas relief unless he can demonstrate that the state

court's adjudication of his claims was "contrary to, or involved an unreasonable

application, of clearly established federal law" or was "based on an unreasonable

determination of the facts."  28 U.S.C. § 2254(d).

2.     **Mr. Ruiz's Claims of Ineffective Assistance of Counsel and Denial of Due Process.**

      a.     **Mr. Ruiz's Claims.**

First, Mr. Ruiz claims that counsel rendered ineffective assistance during his revocation hearing by failing to inform Mr. Ruiz that there was no such plea as "qualified true" although counsel insisted that he so plead.  (D.E. 1, at 3).  Mr. Ruiz states that the trial court treated his plea as a standard true plea and revoked his deferred adjudication community supervision, sentencing him to fifteen years in prison without the benefit of a pre-sentence investigation that is required by law. Id.  Second, Mr. Ruiz also claims that he was denied due process during the hearing for the same reasons, adding that counsel failed to present evidence on behalf of Mr. Ruiz and did not argue at the punishment stage.  Id.

Mr. Ruiz does not challenge the validity of his guilty plea to the offense for which he was placed on deferred adjudication probation.  Instead, he challenges the effectiveness of counsel's assistance regarding his revocation hearing.  (D.E. 1, at 3).  His due process claim, not asserting any trial error, seems only to state another ineffective assistance of counsel claim and will be treated as such.  Id.

      b.     **Ineffective Assistance of Counsel Standard.**

To prevail on a claim of ineffective assistance of counsel, a state prisoner seeking federal habeas corpus relief bears the burden of showing that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the

defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.  Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998).  The reviewing court must give great deference to counsel's performance, strongly presuming that counsel has exercised reasonable professional judgment.  Strickland, 466 U.S. at 690; see also Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989) (there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance).  However, a reviewing court need not consider the deficiency prong if it concludes that the defendant has demonstrated no prejudice.  Strickland, 466 U.S. at 697.

The defendant may not simply allege prejudice, but must affirmatively prove it.  Id. at 693.  In order to obtain federal habeas relief, a petitioner must affirmatively show how the actions of his attorney deprived him of a fair trial.  Czere v. Butler, 833 F.2d 59, 63-64 (5th Cir. 1987).  Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  Id. at 694; Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (habeas petitioner must show that the trial result was unreliable or the proceeding was fundamentally unfair due to the deficient performance of counsel).

As the Fifth Circuit has firmly established, conclusory allegations of

ineffective assistance of counsel do not raise a constitutional issue.  Miller v. Johnson, 200 F.3d 274, 281-86 (5th Cir. 2000).  "'In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [petitioner],... we [can find] no merit to these claims.'" Id. at 282 (quoting Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983)); see also Sayre v. Anderson, 238 F.3d 631, 634-36 (5th Cir. 2001) (defendant's self-serving conclusory statement that his testimony would have resulted in an acquittal, standing alone, falls far short of satisfying Strickland).

In reviewing the possibility of prejudice in a non-capital sentencing context, a reviewing court must determine that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh.  Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993).  The burden of proof in a habeas corpus proceeding attacking the effectiveness of counsel is on the petitioner.  Gochicoa v. Johnson, 238 F.3d 278, 292 (5th Cir. 2000).  The appellant must demonstrate that counsel rendered ineffective assistance by a preponderance of the evidence.  Id.

In fact, unless a tactical decision is "'...so ill chosen that it permeates the entire trial with obvious unfairness[,]'" a "'...conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel.'"  Ward v. Dretke, _ F.3d _, 2005 WL 1869738 at *8 (5th Cir. 2005) (quoting Garland v. Maggio, 717 F.2d 199, 206 (5th Cir. 1983)).

c.      Analysis of Mr. Ruiz's Claims.

Mr. Ruiz raised these claims in his state application for writ of habeas corpus. Ex parte Ruiz, App. No. 50,223-02, at 5-6. Mr. Ruiz's trial attorney, David Diaz, provided an affidavit responding to Mr. Ruiz's claims. Id. at 51. He explained that he had informed Mr. Ruiz that he would negotiate with the prosecutor for Mr. Ruiz's sentence assessed on the motion to revoke his deferred adjudication to run concurrent with the thirty-five year sentence he had just received for his conviction, in cause number 00-CR-1944-F, for aggravated assault. Id. Mr. Diaz further explained that the "qualified plea" was necessary to preserve Mr. Ruiz's ability to appeal his jury verdict on the aggravated assault in which the jury found he had committed serious bodily injury. Id. Thus, he explained to the trial court that Mr. Ruiz's qualified plea of true admitted only to having caused bodily injury. Id. at 51, 58-59.

The state habeas court entered findings stating that the assertions in the State's Answer were correct and that Mr. Ruiz's application was without merit. Ex parte Ruiz, App. No. 50,223-02, at 67. The Court of Criminal Appeals denied Mr. Ruiz's application without written order on the findings of the trial court. Id. at cover. Mr. Ruiz has failed to overcome the presumption of correctness to which these findings are entitled with clear and convincing evidence. Mr. Ruiz has failed to demonstrate that the state court's determination of his claims was contrary to or

16

an unreasonable application of clearly established Supreme Court law or was based on an unreasonable determination of the facts based on the evidence in the record.

As an initial matter, Mr. Ruiz's claims are conclusory.  See Ross, 694 F.2d at 1012 (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).  Mr. Ruiz has neither alleged nor demonstrated that, but for counsel's advice to enter a qualified plea or his failure to present evidence on his client's behalf, the result of the revocation proceeding would have been at all different.  (D.E. 1, at 3).  He has not alleged that he would not have entered a plea of true to the many ways in which the State alleged he had violated the conditions of his probation, that his probation would not have been revoked, or that his sentence would have been significantly less harsh.  Id.  Mr. Ruiz stated on the record that he was pleading true because it was true and for no other reason, and that he understood that he was not entering a plea bargain.  Ex parte Ruiz, App. No. 50,223-02, at 57-58.  Such formal declarations stated in open court carry a strong presumption of truth.  Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Moreover, given that the revocation was based on an allegation that he had committed an additional crime and the State entered the conviction for that offense into evidence, Mr. Ruiz cannot show that his deferred adjudication probation would not have been revoked but for counsel's allegedly ineffective assistance.  Ex parte Ruiz, App. No. 50,223-02, at 59.  Additionally, Mr. Ruiz cannot demonstrate that he

would have received a significantly less harsh sentence but for counsel's allegedly ineffective assistance.  His original sentence range was from two to twenty years, and he had been given ten years deferred adjudication probation.  His violation of probation was no small offense, but was an act of aggravated assault which earned him a thirty-five year sentence.  Id. at 55, 59.

Furthermore, Mr. Ruiz failed to demonstrate that the challenged acts of counsel constituted deficient performance.  Mr. Ruiz was convicted of the offense alleged by the State, in violation of condition A of his probation.  Ex parte Ruiz, App. No. 50,223-02, at 59.  Although there may not technically be a "qualified plea" in a revocation proceeding, Mr. Diaz's qualification of Mr. Ruiz's plea of true was presented to the trial court and preserved in the record.  Id. at 58.  It also led the State to feel it necessary to introduce Mr. Ruiz's conviction for aggravated assault into evidence instead of relying on his plea of true, regardless of the prosecutor's belief that the defendant could not enter a qualified plea.  Id. at 59.  Faced with a conviction as the State's evidence, counsel's representation was well within the bounds of prevailing objectively reasonable professional standards.

Additionally, while counsel did not present evidence regarding punishment, Mr. Diaz indicated that he was familiar with Mr. Ruiz's history and was afraid information such as would be found in a pre-sentence investigation report would have been harmful to his attempt to get Mr. Ruiz's sentence running concurrently

rather than consecutively with his sentence in his aggravated assault conviction.  Ex parte Ruiz, App. No. 50,223-02, at 53.  Thus, counsel's failure to present evidence was a strategic choice that is entitled to a strong presumption that it falls within the wide range of conduct that constitutes reasonably effective assistance of counsel. See Strickland, 466 U.S. at 690.

Finally, Mr. Ruiz's claim that counsel did not argue on his behalf during the punishment stage is refuted by the record.  Ex parte Ruiz, App. No. 50,223-02, at 60-61.  Counsel argued for a lighter sentence than recommended by the State by pointing out that Mr. Ruiz had done well on probation for several years and had a good job.  Id. at 60.

Therefore, Mr. Ruiz has failed to demonstrate that he is entitled to federal habeas relief on either of his claims.  It is respectfully recommended that his petition be denied with prejudice.

## VI. **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment be granted and that Mr. Ruiz's petition for §§ 2241, 2254 relief be dismissed with prejudice because it is untimely.  28 U.S.C. § 2244(d).

Respectfully submitted this 29th day of August 2005.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).